**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-6871**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RAYMOND EDWARD CHESTNUT, a/k/a Snoop, a/k/a Ray,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:05-cr-01044-RBH-1)

_____

Submitted:  September 29, 2015   Decided:  October 2, 2015

_____

Before SHEDD, WYNN, and THACKER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Raymond Edward Chestnut, Appellant Pro Se.  Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina; Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Edward Chestnut seeks to appeal his 2007 criminal judgment imposed following his guilty plea to conspiracy to distribute and to possess with intent to distribute cocaine base, and using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug trafficking crime. The district court entered judgment on May 18, 2007. At that time, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure required a defendant in a criminal case to file his notice of appeal within 10 days of the entry of judgment.[1] With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

Chestnut filed his notice of appeal in 2015, eight years after entry of the criminal judgment.[2] Because Chestnut failed

---

[1] Rule 4 was amended effective December 1, 2009, to establish a 14-day appeal period. Fed. R. App. P. 4(b)(1)(A) (2009). Chestnut's notice of appeal is untimely under either version of the rule.

[2] On his certificate of service and in his informal brief, Chestnut alleges that he mailed the notice of appeal on May 23, 2007. However, the notice of appeal is postmarked June 2, 2015, and date stamped received by the district court clerk's office on June 5, 2015, and the certificate of service for the informal brief is dated August 21, 2015. Chestnut's representation that he filed his notice of appeal on May 23, 2007, simply is not credible.

to file a timely notice of appeal or to obtain an extension of the appeal period, we deny all pending motions and dismiss the appeal as untimely.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court.

DISMISSED

---

[3] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. <u>United States v. Urutyan</u>, 564 F.3d 679, 685 (4th Cir. 2009). Because Chestnut's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. <u>United States v. Mitchell</u>, 518 F.3d 740, 744, 750 (10th Cir. 2008).